```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
EMPIRE FIRE AND MARINE INSURANCE CO.,

                Plaintiff,                    MEMORANDUM & ORDER

        - against -                           18-CV-3422 (KAM)(PK)

KELVIN ESTRELLA, JOSE GUEVARA, CESAR
ROJAS, and YOCASTA POLANCO a/k/a
YORASTA POLANCO,

                Defendants.
----------------------------------X
```
**MATSUMOTO, United States District Judge:**

Plaintiff Empire Fire and Marine Insurance Co. ("plaintiff" or "Empire") commenced the instant action against defendants Kelvin Estrella, ("Estrella"), Jose Guevara, ("Guevara"), Cesar Rojas, ("Rojas"), and Yocasta Polanco, ("Polanco" and collectively with the other defendants, "defendants") seeking declaratory judgment on its rights under an insurance policy issued in New York by filing a complaint on June 12, 2018.  (ECF No. 1, Compl.)  This case arises from a 2015 vehicle accident involving defendants in the Bronx, New York, in which Estrella, driving a rental car and insured under a policy issued by plaintiff, crashed into another vehicle, driven by Polanco and occupied by Rojas and Guevara.  Plaintiff seeks a judgment absolving it of its contractual duty to indemnify Estrella under the policy in two underlying New York state actions brought against Estrella ("Underlying Actions").

(*See* Compl. 4-5.)  It sues Rojas, Polanco, and Guevara as interested parties.

Before the court is plaintiff's motion for default judgment, (ECF No. 15), which the court referred to Magistrate Judge Kuo for a report and recommendation ("R&R").  Judge Kuo issued an R&R on September 13, 2019, recommending the court grant Empire's motion in its entirety.  (*See* ECF No. 33, R&R.)  Plaintiff served the R&R on defendants Estrella and Guevara on September 16, 2019; defendants Rojas and Polanco, who eventually appeared through counsel in this action, were served through counsel via ECF on September 13, 2019.  *See* Fed. R. Civ. P. 5(b)(E).  No objections were received as of September 30, 2019, the last day for defendants to file objections.  For the reasons discussed below, the court adopts Judge Kuo's R&R in its entirety and GRANTS Empire's motion for default judgment.

## BACKGROUND

The court assumes familiarity with the facts of the instant action as set forth thoroughly in Magistrate Judge Kuo's R&R.  (*See* R&R 1-6.)

Plaintiff filed executed summons as to each defendant by August 21, 2018, indicating that service of process on each defendant was complete by August 13, 2018.  (*See* ECF Nos. 5-6, 8-9, Returned Summonses.)  On September 12, 2018, when no defendant had appeared or answered, Magistrate Judge Kuo ordered

2

plaintiff to show cause why it had not requested certificates of default. (Docket Order dated 9/12/2018.) On September 20, 2018, plaintiff requested certificates of default for each defendant, (ECF Nos. 10-11), which requests the Clerk of Court granted by entering certificates of default as to each defendant, (ECF Nos. 12-13, Certs. Def.) On November 1, 2018, Judge Kuo ordered plaintiff to show cause why it had not moved for default judgment. (Docket Order dated 11/01/2018.) Plaintiff responded to the order by filing a motion for entry of default judgment against all defendants. (ECF No. 14, Mot. Def. J.; ECF No. 15, Coughlin Aff.; ECF No. 16, Rudy Aff.; ECF No. 17. Pl.'s Mem.)

The court subsequently referred the motion to Judge Kuo, as discussed above. Defendants Polanco and Rojas eventually appeared through counsel on April 18, 2019, (ECF No. 20, Not. Appear.), and moved the court to vacate the certificates of default against them on May 3, 2019, (ECF No. 23. Mot. Vacate). The court subsequently referred the motion to vacate to Judge Kuo on May 7, 2019, (Docket Order dated 05/07/2019), and plaintiffs filed an opposition to the motion on May 10, 2019, (ECF No. 26, Aff. Opp.).

Judge Kuo held an inquest on both the motion for default judgment and the motion to vacate defendants Polanco's and Rojas's default on August 6, 2019. (*See* Minute Entry dated

3

August 7, 2019.) At the hearing, the court denied the motion to vacate for defendants' failure to establish or even argue a meritorious defense, and ordered plaintiff to supplements its default judgment motion to support the amount-in-controversy requirement of 28 U.S.C. § 1332. (*See id.; see also* ECF No. 29, Hrg. Tr. 33.) Appearing defendants, however, were afforded an opportunity to move for reconsideration if they learned new facts in an upcoming deposition of Estrella. Estrella failed to appear for his deposition, as he did with every previously scheduled deposition in the Underlying Action, and his deposition was rescheduled to October 4, 2019, however, and Rojas and Polanco did not move for reconsideration by the court's deadline. Plaintiff supplemented its motion for default judgment on September 6, 2019. (ECF No. 31, Supp. Aff.)

Based on these submissions, and the inquest hearing, Judge Kuo recommended the court grant plaintiff's motion for default judgment, and that the court enter judgment declaring plaintiff need not defend or indemnify defendant Estrella in the Underlying Actions. (R&R 13, 15-16.) The R&R notified plaintiff and defendants of their rights to file written objections, pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b). (R&R 16.) The statutory period for filing objections has now expired, and no party filled objections to Judge Kuo's R&R.

4

In reviewing a Report and Recommendation, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1)(C). Where no objection to the Report and Recommendation has been filed, the district court "need only satisfy itself that there is no clear error on the face of the record." *Urena v. New York*, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985) (citations omitted)).

As an initial matter, in reviewing the R&R and deciding the motion for default judgment, the court notes that venue does not clearly lie in this District. That is, the Complaint alleges venue is proper under 28 U.S.C. § 1391 because all defendants reside in this District and a substantial portion of the events giving rise to the dispute occurred in this District. (Compl. ¶ 16.) The alleged facts indicate otherwise. Defendants are alleged to reside, or were served, at addresses in Bronx County, New York County, Westchester County, or New Jersey. (*Id.* ¶¶ 11-14.) The dispute, as alleged, arises out of a vehicle accident occurring in the Bronx, and the Underlying Actions were brought in Bronx County State Court. (*Id.* at 4-5.) There is nothing in the record that indicates plaintiff or its agents issued the policy at issue in this District or that Estrella rented the car he was driving somewhere in this

5

District.  Plaintiff has thus not alleged facts in its Complaint or argued in its motion for default judgment that indicate venue lies in this District.

Nevertheless, defects in venue may be waived, *see* Fed. R. Civ. P. 12(b)(3), and are deemed waived when a defendant defaults after having been "properly served with process by a court having subject matter jurisdiction." *Hoffman v. Blaski*, 363 U.S. 335, 343 (1960) ("A defendant, properly served with process by a court having subject matter jurisdiction, waives venue by failing seasonably to assert it, or even simply by making default."); *see also Joe Hand Promotions, Inc. v. Elmore*, 2013 WL 2352855, at *1 n.2 (E.D.N.Y. May 29, 2013) (entering default judgment notwithstanding apparent defects in venue and noting defendants "waived their right to object to improper venue" by failing to appear or defend); *Joseph v. N.Y.C. Dep't of Corr.*, No. 10-CV-1265, 2011 WL 1843162, at *2 n.3 (E.D.N.Y. May 13, 2011) ("[A]lthough it is unclear whether venue is proper in this district, because Defendants have failed to raise this argument in their initial papers, they have waived any objections to improper venue.").

Here, defendants have not responded to the Complaint and have similarly failed to raise any objections to venue in the Eastern District of New York, including Rojas and Polanco who eventually appeared through counsel.  Not having done so,

defendants have waived their right to object to improper venue. Moreover, "[a] district court may not dismiss a case *sua sponte* for improper venue absent extraordinary circumstances." *Gomez v. USAA Fed. Sav. Bank,* 171 F.3d 794, 796 (2d Cir. 1999).

Upon a review of the R&R, and considering that no party has objected to any of Judge Kuo's thorough and well-reasoned recommendations, the court finds no clear error in the R&R and hereby affirms and adopts the R&R in its entirety as the opinion of the court. The court, therefore GRANTS plaintiff's motion for default judgment, and declaratory judgment shall enter absolving plaintiff of its contractual duty to defend and indemnify Estrella under the policy in connection with the alleged vehicle accident that gave rise to the Underlying Actions.

The Clerk of Court is respectfully requested to enter judgment in plaintiff's favor, in accordance with this Order, and close the case. Plaintiff shall serve a copy of this Memorandum & Order, and the judgment, on all defendants by October 4, 2019, and note service on the docket. Finally, counsel for Polanco and Rojas shall certify to the court by

October 4, 2019, that they have delivered to their clients this Memorandum & Order and the judgment in this case.

**SO ORDERED.**

Dated: September 30, 2019
        Brooklyn, New York

                                       /s/
                              **KIYO A. MATSUMOTO**
                              United States District Judge